## Denver Power and Irrigation Co., v. Colorado & Southern Railway Co., et al.

*District Court of Douglas County, April 6, 1900.*

Teller & Orahood for plaintiff.   E. E. Whitted and Tyson S. Dines for defendants.

---

STIMSON, J.

This matter comes on to be heard in chambers in Teller county, Colorado, on motion of the plaintiff, for the appointment, under the statute, of commissioners to ascertain the amount of compensation that should be paid to the several defendants for the taking of whatever property, and the damage to whatever interests, they may have which would be affected by the taking for the purposes set out in the petition in condemnation of the premises therein described.

The Denver, Leadville and Gunnison Railway Company, the Denver, Cripple Creek and Southwestern Railroad Company and the Colorado and Southern Railway Company also present their motion to dismiss the petition in condemnation filed herein; and the Denver and Rio Grande Railroad Company was present at the hearing, by its attorneys, for the purpose, as was stated, of seeing that the defendant's interests were properly protected.

Although this proceeding is brought under what is commonly known as the condemnation statute of this state (1 Mills Ann. St., § 1720), the plaintiff, in presenting this motion, urged, strenuously and at length, that none of the defendants represented, except, possibly, the Denver and Rio Grande Railroad Company, had any property interests which would be affected by the desired action.   Indeed, it was urged that all of these contesting defendants had no property, no interests and no rights over the territory sought to be taken by the plaintiff.

This position is not tenable under the law as laid down by the Supreme Court of the state of Colorado, and it must be taken as conceded that these defendants have some interests, else this proceeding would not have been commenced against them.

Whatever interests they may have is either in a right of way for the construction of a railroad, or a railroad line already constructed; and it appears from the testimony produced that at the time when this petition was filed the Colorado and Southern Railway Company was in possession of the premises sought to be taken, and had constructed thereon, and had in operation, a line of railroad.

Whether the right to so construct a railroad had been granted under the statutes of the United States to one of the

grantors of this Colorado and Southern Railway Company, and such right had properly passed to this defendant, and whether a special act of congress had granted such a right to another grantor of this defendant, under which this defendant had constructed such a line, all seem aside from the matters that need be considered here. It is sufficient to say that this defendant was in possession, and that the plaintiff, by bringing this proceeding, recognizes some property rights and interest in all the defendants named in the petition.

The land so occupied and used was, by such occupation and use devoted to public purposes, and the plaintiff contends that while land devoted to a public use may not be taken for another public use of the same nature as to use to which it is already devoted, nevertheless, it may be so taken where the purpose of the taking is to devote the property to an entirely different use. I cannot agree that this is the correct rule. As I understand the adjudications on this question, the uses both being public, the property may not be so taken or interfered with as to prevent altogether its use for the public purposes to which it has been devoted.

It is true that in some cases it has been held that extreme public necessity may justify the taking of property, although it may already have been devoted to another public use, but no such extreme necessity is shown to exist here. The taking by the plaintiff of the land described in the petition would utterly destroy the use to which this land was put, and for the reason that the land sought to be condemned was, at the time of the filing of the petition in condemnation, already appropriated by the defendant to a public use, it is not, in my judgment, subject to condemnation by the plaintiff.

The motion for the appointment of commissioners will be denied.

The question of the dismissal of the petition will be held for further consideration, it not having been discussed, except in connection with the motion for the appointment of commissioners. City of Pueblo, 12 Colo. App. 290, 55 Pac. 746.